```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                           AT NASHVILLE

OPERATING ENGINEERS LOCAL 147    )
ANNUITY FUND,                    )
                                 )
        Plaintiff                )
                                 )    No. 3:17-1611
v.                               )    Chief Judge Crenshaw/Brown
                                 )
AMBER CARTER, et al.,            )
                                 )
        Defendants               )
```

**TO:  THE HONORABLE WAVERLY D. CRENSHAW, JR.**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the motion for default against the Defendants Virginia Neel and Frankie Dalton be granted and that the Court enter an order directing the Operating Engineers Local 147 Annuity Fund to pay the benefits due from the death of Eric Hazelwood to the sole remaining Defendant, Amber Carter. The Magistrate Judge further recommends that no attorneys' fees be awarded to anyone in this case.

## BACKGROUND

The complaint (Docket Entry 1) succinctly states the issues presented in the case and no one has disputed its factual allegations. The annuitant, Eric Hazelwood (Hazelwood) died in 2017 and did not designate a beneficiary. It was alleged that Hazelwood had lived with the Defendant Amber Carter (Carter) as though they were husband and wife for three years prior to his death. Hazelwood did not have any children. His biological parents were Frankie

Dalton and Virginia Neel. After his birth Hazelwood was adopted by his maternal grandparents, Cecil and Imogene Boone. Both of these individuals predeceased Hazelwood.

Carter was appointed as the representative of Hazelwood's estate. The annuity fund filed its complaint simply to avoid the risk of paying the wrong individual. The two other potential claimants, Virginia Neel and Frankie Dalton, were served (Docket Entries 8 and 9) on January 13, 2018. Neither of these Defendants filed any response and the Clerk entered default against both of them on March 26, 2018 (Docket Entry 16).

Subsequently, Carter filed a motion for entry of default judgment on April 9, 2018 (Docket Entry 17). In her motion Carter provided an affidavit stating that she lived with Hazelwood from approximately December 2014 until his death on August 18, 2017, as husband and wife at a home they purchased together in Lindside, West Virginia. She also provided Exhibit A, a letter of administration, appointing her as the Administratix CTA of Hazelwood's estate, along with a holographic will stating that "If I die, I want Amber Carter to have everything I have" dated 8-15-2017. The will was offered for probate and duly admitted to probate on September 12, 2017.

Out of an abundance of caution the undersigned allowed any party to file objections to the motion for entry of default (Docket Entry 19). Subsequently, a letter was received from Virginia L. Neel (Neel) who requested that Carter not be paid from

the annuity fund, claiming that she was a surviving parent and that Carter did not live with her son for a period of three years.

She attached to her letter (Docket Entry 23, p. ID 57) a certificate of birth for Eric Dale Boone. Neither the attached documents or her letter shed any light on the subsequent adoption or how Eric Dale Boone, listed in the certificate of birth, became Eric Hazelwood. Likewise, she provides no real reason why she did not respond to the complaint or to the motion for default.

The Defendant Carter further points out that Neel is not at this time the legal parent of Mr. Hazelwood, having been adopted by Cecil and Imogene Boone.

Under the annuity fund plan set forth at Docket Entry 1, p. ID 2, the order of succession is (a) a surviving spouse; or if none (b) his surviving children, in equal shares; or if none (c) his surviving parents, in equal shares; or if none (d) his surviving brothers and sisters in equal shares, or if none (e) his estate, in that order of priority.

It does not appear that West Virginia recognizes common law marriages, except where the parties resided while living together in a state that recognizes such marriages. *See Griffis v. Griffis*, 202 W.Va. 203 (S. Ct. App. 1998). However, even if there was no common law marriage it would appear that Carter has provided evidence that she is the beneficiary of the decedent's will.[1]

---

[1]The posture of this case could certainly have been clearer had proof of the adoption and the death of the adoptive parents been set forth in greater detail. One thing that has been established is the will

Neel has not provided admissible evidence that she is the mother of Hazelwood, or if he was adopted, if she has any remaining rights superior to his adopting parents who appear to be deceased.

Given the fact that default has been entered against Neel and Dalton, the remaining beneficiary is Carter and she is entitled to judgment allowing the annuity to pay her the proceeds.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that a default judgment be awarded to Carter, and accordingly, the annuity directed to pay her the proceeds of the annuity and that no attorneys' fees be awarded to any party.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 29th day of May, 2018.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

of the deceased, which leaves everything to Carter.