UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| OPERATING ENGINEERS LOCAL 147 ANNUITY FUND, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:17-cv-01611 |
| v. | ) ) | CHIEF JUDGE CRENSHAW |
| AMBER CARTER, et al., | ) ) | |
| Defendant. | ) | |

# ORDER

Before the Court is a Report and Recommendation from the Magistrate Judge, recommending the Court grant Amber Carter's Motion for Default Judgment against the remaining defendants. (Doc. No. 26.) Joe Neel, a nonparty in this case who claims to be an advocate for Virginia Neel, filed timely objections. (Doc. No. 27.) Virginia Neel cannot be represented by a person who is not an attorney. 28 U.S.C. § 1654; see Eagle Assoc. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) (holding that § 1654 "does not allow for unlicensed laymen to represent anyone other than themselves"). Nonetheless, out of an abundance of caution, the Court has considered Joe Neel's objections as if they were from Virginia Neel. For the following reasons, the Objections are overruled and the Report and Recommendation is adopted.

Under Federal Rule of Civil Procedure 55(c), the Court may set aside the Clerk's Entry of Default (Doc. No. 16) for good cause. Factors to consider when determining whether good cause exists include "whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious." United Coin Meter Co., Inc. v. Seaboard Coastline

RR., 705 F.2d 839, 844 (6th Cir. 1983) (citing Medunic v. Lederer, 533 F.2d 891, 893 (3d Cir. 1976)). Neel's two objections go to prejudice and whether she has a meritorious defense.

This is an interpleader action to determine which of the three defendants is entitled to the proceeds from Eric Hazelwood's annuity fund. (Doc. No. 1.) All parties agree that upon Hazelwood's death, if there is no designee for the benefits, Hazelwood is deemed to have designated: "(a) his surviving spouse; or if none (b) his surviving children, in equal shares; or if none (c) his surviving parents, in equal shares; or if none (d) his surviving brothers and sisters, in equal shares; or if none (e) his estate; in that order of priority, as his beneficiary." (Doc. No. 1 at 2.)

It appears that (a) through (d) do not apply because none exist. Although Virginia Neel was the biological parent of Hazelwood, Cecil and Imogene Boone subsequently legally adopted him, making them the "surviving parents" under subsection (c). Because Cecil and Imogene Boone predeceased Hazelwood, the Monroe County Commission in West Virginia named Carter the sole beneficiary of Hazelwood's estate (Doc. No. 29-1 at 1), and therefore under subsection (e), she is entitled to the annuity benefits.

Neel objects that she should be counted as a "surviving parent" under subsection (c) because she is Hazelwood's biological mother who raised him. (Doc. No. 27.) She argues that her parents, Cecil and Imogene Boone, adopted Hazelwood because Cecil Boone was terminally ill with cancer, and Neel wanted Hazelwood to receive Cecil Boone's social security benefits. (Id. at 2.) In other words, while Cecil and Imogene Boone were the adoptive parents so that Hazelwood could get money, Neel did not stop raising her child as the mother. (Id.) This can be a meritorious defense only if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by default." Dassault Systemes, SA v. Childress, 663 F.3d 832, 843

(quoting United States v. $22,050.00 U.S. Currency, 595 F.3d 318, 326 (6th Cir. 2010)). Here, the controlling West Virginia law is clear: "Upon the entry of such order of adoption, any person previously entitled to parental rights . . . shall be divested of all legal rights, including the right of inheritance from or through the adopted child under the statutes of descent and distribution from the state . . . ." In re Hunter H., 744 S.E.2d 228, 232 (W. Va. 2013) (citing W. Va. Code § 48-22-703(a)). Under Cecil and Imogene Boone's adoption of Hazelwood, Neel was divested of her parental rights.

Neel contends that Hazelwood's will is still being probated under protest. (Doc. No. 27 at 2.) However, Carter attached a certified letter from the Clerk of the Monroe County Commission stating that the Commission approved the final settlement of Hazelwood's estate on January 3, 2018, and the estate was ordered closed at that time. (Doc. No. 29-1 at 1.) This objection is overruled.

Neel has not given a reason for her failure to appear prior to the Clerk's Entry of Default, nor has she shown any meritorious defense. Although there is no allegation that Carter or the Pension Plan likely would be severely prejudiced by any delay, the other two factors outweigh because there appears no reason to delay entry of judgment. Good cause does not exist to set aside the Clerk's Entry of Default.

Accordingly, the Report and Recommendation (Doc. No. 26) is **ADOPTED**. Amber Carter's Motion for Default Judgment (Doc. No. 17) is **GRANTED**. The Annuity Fund is directed to pay Carter the proceeds of the annuity. No attorney's fees are awarded to any party. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE